**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ABDOULAYE DIALLO,** | |
| **Petitioner,** | |
| **v.** | **CIVIL ACTION NO.  25-7421** |
| **PAMELA BONDI, et al.,** | |
| **Respondents.** | |

**MEMORANDUM OPINION**

Rufe, J.                                                                    January 6, 2026

Petitioner Abdoulaye Diallo is an immigrant from Guinea who was recently detained by the Department of Homeland Security ("DHS") under the Immigration and Nationality Act ("INA") while his asylum application was pending. He now brings a petition under 28 U.S.C. § 2241 challenging that detention. Diallo argues that his detention rests upon an unlawful interpretation of 8 U.S.C. § 1225(b)(2) and denies him due process.[1] The Court agrees that Diallo cannot be subject to mandatory detention under 28 U.S.C. § 1225(b)(2) because of his established residence in the United States. The Petition will be granted.

I.    **BACKGROUND**

Abdoulaye Diallo is a twenty-one-year-old citizen and national of Guinea who came to the United States through the southern border to seek asylum.[2] He arrived in the United States on November 5, 2023, without inspection.[3] After a brief period of detention upon his arrival, Diallo was released into the United States on his own recognizance.[4] Since his arrival in the United

---

[1] Petition [Doc. No. 1].

[2] Petition ¶ 3 [Doc. No. 1]; Ex. E at 5-7 [Doc. No. 1-8].

[3] Petition ¶ 4 [Doc. No. 1].

[4] Petition ¶ 5 [Doc. No. 1].

States, Diallo has been in removal proceedings because he entered the United States without admission or inspection.[5] On November 8, 2023, he was served with a Notice to Appear in Removal Proceedings at a hearing scheduled for April 15, 2025.[6] That hearing was canceled on April 4, 2025, and no new date to return was provided.[7]

On February 16, 2024, Diallo applied for asylum.[8] He is work authorized, has no criminal history, and has family in the United States.[9] He is employed and resides with his family at a fixed location.[10]

On December 26, 2025, Diallo was arrested at an Immigration and Customs Enforcement ("ICE") Check-In, and he has been detained at the Federal Detention Center Philadelphia since his arrest.[11] He did not receive a bond hearing.

Diallo's detention is the product of a new DHS policy, under which "individuals present in the United States without admission or parole are now treated as applicants for admission subject to mandatory detention under § 1225(b)(2) rather than discretionary detention under § 1226(a)."[12] The Board of Immigration Appeals adopted this interpretation in *Matter of Yajure Hurtado*.[13]

---

[5] Petition ¶ 6 [Doc. No. 1].

[6] Petition, Ex. C [Doc. No. 1-6].

[7] Petition ¶ 8 [Doc. No. 1]; Ex. G [Doc. No. 1-8].

[8] Petition ¶ 6 [Doc. No. 1]; Ex. E [Doc. No. 1-8].

[9] Petition ¶¶ 7-10 [Doc. No. 1].

[10] Petition ¶ 10 [Doc. No. 1].

[11] Petition ¶ 1 [Doc. No. 1].

[12] *Yilmaz*, 2025 WL 3459484, at *1 (quoting *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307, at *2 (E.D. Pa. Nov. 19, 2025)).

[13] 29 I. & N. Dec. 216 (B.I.A. 2025); *see* Petition ¶¶ 37-38 [Doc. No. 1].

On December 31, 2025, Diallo filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. §2241.[14] On January 2, 2026, this Court ordered the government to show cause why Diallo's petition should not be granted.[15] It also scheduled a show cause hearing.[16] Upon the parties' request, the Court canceled the hearing and will decide the Petition on the papers.[17]

## II.   LEGAL STANDARD

Federal district courts are authorized to grant a § 2241 petition where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States."[18] It is the petitioner's burden to show that the detention violates the Constitution of the United States or federal law.[19]

## III.   DISCUSSION

The issues of this case are not novel. As the government acknowledges, numerous decisions of this district court have rejected *Hurtado* and found that the application of 8 U.S.C. § 1225(b)(2) to noncitizens residing in the United States is unlawful.[20] This Court considers each

---

[14] Petition [Doc. No. 1].

[15] 1/2/26 Order [Doc. No. 2].

[16] 1/2/26 Order [Doc. No. 2].

[17] Stipulation [Doc. No. 5]; 1/6/26 Order [Doc. No. 6].

[18] 28 U.S.C. § 2241(c)(3); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("[T]he Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." (citations and quotation marks omitted)).

[19] *See Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

[20] Gov't Response at 1-2 n.1 [Doc. No. 4]. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (noting that, as of November 18, 2025, 282 of 288 district court decisions had found that the application of § 1225(b)(2) to noncitizens residing in the United States is unlawful; *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Patel v. McShane*, No. 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025); *Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025); *Yilmaz v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6572, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025); *Conde v. Jamison*, No. 25-6551, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025); *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025). There have been twenty-one additional decisions ruling against the government since December 15, 2025. Gov't Resp. at 1-2 n.1 [Doc. No. 4]. Not including the already-decided petitions, as of January 5, 2026, there are

case on an *ad hoc* basis, and its rulings turn on the facts of each case at issue. While the government acknowledges this Court's decisions in *Djalilov*, *Bhatia*, *Yilmaz*, and *Centeno Ibarra* and notes its disagreement, the government has not appealed any of these decisions.[21] Based upon the facts of Diallo's case and the legal theory presented by the government, this Court has no basis to diverge from its previous rulings.

First, as in *Djalilov*, *Bhatia*, *Yilmaz*, *Centeno Ibarra*, and many similar district court decisions,[22] the Court concludes that it has jurisdiction to review Diallo's petition. The jurisdiction-stripping statutory provisions cited by the government do not apply.[23] Diallo "challenges his detention rather than the initiation of removal proceedings, because [Diallo] cannot obtain relief for his detention following a final order regarding removal, and because [Diallo's] detention is not the byproduct of a discretionary determination."[24] Nor is Diallo's petition barred by a failure to exhaust administrative remedies because any exhaustion would have been futile. The issue presented is purely one of statutory interpretation, and the BIA's decision in *Hurtado* would control any pursuit of administrative remedies before the BIA.[25]

Second, the Court reads § 1225(b)(2) narrowly and in accordance with the principles of statutory interpretation. The unambiguous plain meaning of an "applicant for admission" who is "seeking admission" is a noncitizen at a port of entry seeking to cross into the United States, not

---

approximately 25 pending habeas petitions confronting the same legal issue in this District. Gov't Resp. at 1-2 n.1 [Doc. No. 4].

[21] *See Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025); *Yilmaz v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6572, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Djalilov v. O'Neill*, No. 25-6986, 2025 WL 3689147 (E.D. Pa. Dec. 19, 2025).

[22] *See supra* note 20.

[23] 8 U.S.C. § 1252(g), 1252(b)(9), 1252(a)(2)(B)(ii).

[24] *See Yilmaz*, 2025 WL 3459484, at *2.

[25] *See id.*

one who has already resided in the United States.[26] Instead, "the detention of noncitizens like [Diallo] who have been long-present in the United States is governed by § 1226(a), which entitles them to a bond hearing before continued detention is permitted."[27] Section 1226(a)'s predominance is further demonstrated by the titles of § 1225 and § 1226, agency practice, the rule against superfluity, recent amendments to § 1226, and the canon of constitutional avoidance.[28]

Diallo may be detained under the INA only if, under § 1226(a) and the applicable regulations, he receives a bond hearing and the facts show that he poses a risk of flight or harm to the community.[29] Here, Diallo has no criminal history and the government does not argue that Diallo is either likely to flee or is otherwise dangerous to the community. For those reasons, a bond hearing is unnecessary, and the Court will order Diallo's immediate release.[30]

## IV.    ATTORNEY'S FEES AND COSTS

Diallo moves for attorney's fees and costs under the Equal Access to Justice Act ("EAJA").[31] The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses. . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[32] In order

---

[26] *See Yilmaz*, 2025 WL 3459484, at *3; *Centeno Ibarra*, 2025 WL 3294726, at *5.

[27] *Yilmaz* at *3; *see also Centeno Ibarra* at *4-7; 8 C.F.R. § 1236.1(c)(8), (d)(1) (stating that bond is available to noncitizens detained under § 1226(a) and that "the immigration judge is authorized to exercise the authority . . . to detain the [noncitizen] in custody, release the [noncitizen], and determine the amount of bond").

[28] *See Yilmaz* at *3; *Centeno Ibarra* at *5-7.

[29] *See Yilmaz* at *3; *Centeno Ibarra* at *4, *8 n.69; 8 C.F.R. § 1236.1(c)(8), (d)(1).

[30] *See Karshranov*, 2025 WL 3188399, at *8 ("[A] habeas court has 'the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.'" (quoting *Boumediene v. Bush*, 533 U.S. 723, 779 (2008)).

[31] 28 U.S.C. § 2412.

[32] 28 U.S.C. § 2412(d)(1)(A); *see also Comm'r INS v. Jean*, 496 U.S. 154, 158-60 (1990).

to be eligible for a fee award in a civil case: (1) the claimant must be a "prevailing party"; (2) the government's position must not be "substantially justified"; (3) no "special circumstances make an award unjust"; and (4) "pursuant to 28 U.S.C. § 2412(d)(1)(B), . . . any fee application [must] be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement."[33] Because the Respondents have not briefed this issue in their response, we will direct that they file with the Court briefing for their position. The Court will therefore defer any decision on the EAJA claim accordingly. The Court will enter a separate order directing a briefing schedule.

## V.   CONCLUSION

As have the overwhelming majority of district courts faced with this issue,[34] and for the same reasons as in *Djalilov*, *Bhatia*, *Yilmaz*, and *Centeno Ibarra*, this Court finds that DHS lacked legal authority to mandatorily detain Abdoulaye Diallo without a bond hearing under 8 U.S.C. § 1225(b)(2). The Court will grant Diallo's petition. An order will be entered.

---

[33] *Comm'r INS*, 496 U.S. at 158.

[34] *See supra* note 20.